IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOSEPH GALLAGHER                    :

      v.                    :    Civil Action No. DKC 2007-1279

FEDERAL SIGNAL CORPORATION    :

                                  :

### MEMORANDUM OPINION

Presently pending and ready for resolution is Plaintiff's motion to remand.  (Paper 39).  The issues are briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the following reasons, the court is prepared to grant Plaintiff's motion and remand the case to the Circuit Court for Prince George's County.  Before doing so, however, the parties will be invited to comment, if they wish, on a recent decision by the Court of Special Appeals of Maryland.

## I.  Background

Plaintiff, a Prince George's County firefighter, filed a complaint in the Circuit Court for Prince George's County against Defendant, Federal Signal Corporation.  Seeking to recover damages for his hearing loss, Plaintiff alleges strict liability, breach of warranty, and negligence related to Defendant's sirens.  (Paper 23).  On May 15, 2007, Defendant removed the case to this court on diversity of citizenship grounds pursuant to 28 U.S.C. § 1332. (Paper 1).  There is no dispute that diversity exists between Plaintiff and Defendant, but Plaintiff filed the instant motion to

remand alleging that the amount in controversy does not meet the
$75,000 statutory minimum.  (Paper 39).  The *ad damnum* clauses in
Plaintiff's Original and First Amended Complaints sought damages
"in an amount in excess of Seventy-four Thousand Dollars
($74,000.00)."  (Paper 23).  With his motion to remand, Plaintiff
filed a stipulation that "the total amount of all damages that each
individual Plaintiff seeks from Defendant is less than Seventy Five
Thousand Dollars ($75,000.00)."  (Paper 40).   Resting on his
stipulation setting the amount in controversy below the statutory
minimum, Plaintiff argues that the court does not have jurisdiction
to hear the case.  Defendant contends that Plaintiff's claims will
meet or exceed the statutory minimum and Plaintiff cannot strip the
court of jurisdiction by filing a post-removal stipulation reducing
the amount in controversy to below $75,000.

## II.  Standard of Review

On a motion to remand, the court must "strictly construe the
removal statute and resolve all doubts in favor of remanding the
case to state court," indicative of the reluctance of federal
courts "to interfere with matters properly before a state court."
*Richardson v. Phillip Morris Inc.*, 950 F.Supp. 700, 701-2 (D.Md.
1997) (internal quotation omitted); *see also Mulcahey v. Columbia
Organic Chems. Co., Inc.*, 29 F.3d 148, 151 (4th Cir. 1994).   The
court determines diversity jurisdiction as of the date the suit was
filed in state court and at the time of removal.  *See, e.g., Porche*

*Cars N. Am., Inc. v. Porsche.net*, 302 F.3d 248, 255-56 (4ᵗʰ Cir. 2002); *Kessler v. Home Life Ins. Co.*, 965 F.Supp. 11, 12 (D.Md. 1997).  Thus, even if "the plaintiff after removal, by stipulation, by affidavit, or by amendment of his pleadings, reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction." *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938); *see also Gardner v. AMF Bowling Ctr., Inc.*, 271 F.Supp.2d 732, 733 (D.Md. 2003) (citing *St. Paul*).

The burden is on the defendant to support the exercise of jurisdiction when a case is removed from state court. *Delph v. Allstate Home Mortgage, Inc.*, 478 F.Supp.2d 852, 854 (D.Md. 2007). As the Fourth Circuit recently reiterated:

> The black letter rule "has long been to decide what the amount in controversy is from the complaint itself, unless it appears or is in some way shown that the amount stated in the complaint is not claimed in 'good faith.'" *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961).

*Choice Hotels Intern., Inc. v. Shiv Hospitality, L.L.C.*, 491 F.3d 171, 176 (4ᵗʰ Cir. 2007).  Judge Blake explained the analysis as follows:

> Generally, the amount requested in the complaint determines the amount in controversy. *Angus v. Shiley Inc.*, 989 F.2d 142, 145 (3ᵈ Cir. 1993) ("The general federal rule is to decide the amount in controversy from the complaint itself.") (citing *Horton v. Liberty Mutual Ins. Co.*, 367 U.S. 348, 353, 81 S.Ct. 1570, 6 L.Ed.2d 890 (1961)); *Shaw v. Dow Brands, Inc.*, 994 F.2d 364, 366 (7ᵗʰ Cir. 1993) (citing *Davenport v. Procter & Gamble Mfg.*

*Co.*, 241 F.2d 511, 513 (2$^d$ Cir. 1957)).

* * * *

In determining whether an amount in controversy is sufficient to confer jurisdiction, courts apply one of two legal standards depending on whether the damages are specified or unspecified in the complaint.[2] Where a plaintiff claims a specific amount in damages that is less than $75,000, removal is proper only if the defendant can prove to a "legal certainty" that the plaintiff would actually recover more than that if she prevailed. In *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds*, *Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000), the Eleventh Circuit explained:

> The rationale is that although a defendant has a right to remove in certain cases, a plaintiff is still master of her own claim. Noting an attorney's twin duties to investigate his client's case and be candid with the court, we reasoned that a pleading containing a specified demand of damages and signed by a lawyer was due deference and a presumption of truth. We concluded that the defendant's burden was a 'heavy one' and the legal certainty standard was therefore appropriate.

*Id.* at 1356 (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)). If, on the other hand, a plaintiff's complaint does not allege a specific amount in damages, a defendant need only prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum.[3] *Gilman v. BHC Secur., Inc.*, 104 F.3d 1418, 1421 (2$^d$ Cir. 1997); *Tapscott*, 77 F.3d at 1356; *De Aguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993); *Gafford v. General Elec. Co.*, 997 F.2d 150, 155-61 (6th Cir. 1993); *Shaw*, 994 F.2d at 366;

> *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th
> Cir. 1992). In such cases, "[A] lower burden
> of proof is warranted because there is simply
> no estimate of damages to which a court may
> defer." *Tapscott*, 77 F.3d at 1357 (*citing
> Gafford*, 997 F.2d at 160).
>
> ──────────
> [2] The Fourth Circuit has not articulated the
> precise standard to be applied in ascertaining
> the amount in controversy for diversity
> jurisdiction.
>
> [3] For a full discussion of the alternative
> standards of proof used by federal courts in
> assessing what a defendant needs to show to
> satisfy the amount in controversy requirement,
> *see Penn v. Wal-Mart Stores, Inc.*, 116
> F.Supp.2d 557, 562-67 (D.N.J. 2000).

*Momin v. Maggiemoo's Intern., L.L.C.*, 205 F.Supp.2d 506, 509-10
(D.Md. 2002).

## III. Analysis

Maryland Rule of Civil Procedure 2-305 provides, "[u]nless
otherwise required by law, a demand for a money judgment shall
include the amount sought."  The Court of Special Appeals of
Maryland recently interpreted Rule 2-305 to require that *ad damnum*
clauses identify a sum certain for damages.  *Hoang v. Hewitt Ave.
Assocs.*, -- A.2d --, No. 1048 Sept. Term 2005, 2007 WL 4277860, at
*13 (Md.App. Dec. 7, 2007).  In *Hoang*, the *ad damnum* clause of the
plaintiff's complaint sought damages "in excess of $100,000," yet
the trial court, during an evidentiary hearing on relief, awarded
plaintiff $1,889,755.98.  The appellate court reduced the award to
$100,000, concluding that:

an *ad damnum* clause that seeks damages "in excess of" a stated amount cannot satisfy the plain language directive of Rule 2-305, that "a demand for a money judgment shall include the amount sought." A demand for a money judgment "in excess of" a given number is not a demand for "the amount sought" in damages. It is a request for damages in an unstated amount that is not less than the stated amount, *i.e.*, for a money judgment, of whatever unlimited sum, *higher* than the amount specified. A demand for "the amount sought" puts the opposing party on notice of the sum of money being sought in damages. A demand for damages "in excess of" a stated amount does not; it only informs the defendant that the plaintiff will not be satisfied with an award lower than the amount stated, without giving notice of the maximum sum the plaintiff is seeking. Indeed, a demand for damages "in excess of" a stated amount is similar to a statement that the sum requested satisfies the jurisdictional amount of the court, in that it informs of a floor, but not a ceiling.

*Id.* The *Hoang* court found that the plaintiff properly stated a specific sum, but improperly modified it with "in excess of," which made the sum non-specific. The court determined that "in excess of" should be read out of the *ad damnum* clause, which left a clause seeking $100,000. The court held that the trial court erred in allowing the plaintiff to recover more than $100,000.

Plaintiff's *ad damnum* clause is similar to the one in *Hoang*, as it seeks damages "in an amount in excess of Seventy-four Thousand Dollars ($74,000.00)." The parties interpreted the "in excess of" language as setting an indeterminate amount of damages with a floor of $74,000. In light of *Hoang*, however, the court

will ignore the terms "in excess of" and read Plaintiff's *ad damnum* clause as one seeking only $74,000.

As the amount requested is less than $75,000, removal is only proper if Defendant can prove to a "legal certainty" that Plaintiff would actually recover at least $75,000. *Delph*, 478 F.Supp.2d at 854; *Momin*, 205 F.Supp.2d at 509. Defendant has not met this high burden. Defendant cites other siren-induced hearing loss cases in which damage awards have exceeded $75,000. In *Rivenburgh v. CSX Corp.*, the court upheld a jury verdict of $1,000,000.00 for a plaintiff who suffered permanent, irreversible hearing loss in his right ear at the conversational level. No. 1:03-CV-1168, 2006 WL 2571018, at *8 (N.D.N.Y. Sept. 5, 2006). The court in *CSX Transp., Inc. v. Long* reduced a jury award of $1,000,000.00 to $500,000.00 for a plaintiff who suffered a permanent 40% loss of hearing. 703 So.2d 892, 898 (Ala. 1996). Defendant also attached an order granting J.N.O.V. in a hearing loss case in which the jury returned a $300,000.00 verdict. (Paper 41, Ex. C).

Defendant's citations are of limited utility, as Defendant does not draw any meaningful factual parallels between the cited cases and the case at bar. It is unknown how the extent of Plaintiff's hearing damage and medical costs compare to the cited cases. The only facts regarding Plaintiff's hearing loss presented to the court are that the loss is permanent and irreversible and will cause a diminution in Plaintiff's quality of life. (*See* Paper

23 ¶¶ 19, 20).   The complaint states that Plaintiff has medical expenses, but the sum is unknown. (Paper 23 ¶ 21).   Further, even if Plaintiff is awarded more than $74,000, he might not recover the higher amount.   Maryland Rule of Civil Procedure 2-341(b) allows Plaintiff to seek leave to amend his complaint to reflect a higher *ad damnum* amount in the event that a jury awards more than $74,000.[1]   Permission to amend the *ad damnum* clause is discretionary, however, and there is no requirement that the court permit an amendment.   *See Hoang*, 2007 WL 4277860, at *14. Defendant has not proven to a legal certainty that the amount in controversy meets the statutory minimum, nor has it even met the lesser preponderance of the evidence standard.   Therefore, on the basis of Plaintiff's complaint seeking $74,000, and in the absence of evidence to the contrary, the jurisdictional threshold for diversity jurisdiction is not met.

The court is prepared to grant Plaintiff's motion to remand to the Circuit Court for Prince George's County, but in light of the recency of the *Hoang* decision, the court will grant the parties an opportunity to comment.   A separate order will follow.

_____/s/_____

DEBORAH K. CHASANOW
United States District Judge

_____

[1]   The Committee Note accompanying MD.R.Civ.P. 2-341(b) provides, "[b]y leave of court, the court may grant leave to amend the amount sought in a demand for a money judgment after a jury verdict is returned."